# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **EARNEST BARNARD CLAYTON,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:22-CV-00411-TES-MSH |
| | : | |
| v. | : | |
| | : | |
| **SGT. EDWARD FLOYD,** | : | |
| **DEPUTY WARDEN** | : | |
| **GEORGE IVEY,** [1] | : | |
| | : | |
| Defendants. | : | |

## DISMISSAL ORDER

*Pro se* Plaintiff Earnest Clayton, a prisoner confined in Hancock State Prison in Sparta, Georgia filed a complaint under 42 U.S.C. § 1983. ECF No. 1. On December 6, 2022, the Court ordered Plaintiff to recast his complaint and provided him with specific instructions on how to do so. ECF No. 6. The Court specifically informed the Plaintiff that his "recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the

---

[1] Plaintiff has amended his complaint. ECF No. 7. In his amended complaint, Plaintiff no longer names Commissioner Timothy Ward, COII Elisha Pitts, Dereck Wilkey, Unit Manager Easley, or Governor Brian Kemp as Defendants. *See id.* at 1 and 4. Therefore, the Clerk's office is **DIRECTED** to terminate Timothy Ward, Elisha Pitts, Dereck Wilkey, Unit Manager Easley, and Brian Kemp as Defendants in this civil action. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007); *Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam).

present lawsuit". *Id*. at 4.  He was also informed that "[t]he general rule is that an amended complaint supersedes an original complaint" and that "Plaintiff's amended complaint will take the place of his original pleading".  *Id*.  Thus, this Court shall only be considering those allegations and Defendants named in Plaintiff's recast complaint (ECF No. 7) and will not consider the divergent allegations and Defendants from Plaintiff's original complaint (ECF No. 1).  *See Schreane,* 522 F. at 847; *Lowery,* 483 F.3d at 1219 (citations omitted) (noting that an amended complaint generally supersedes an original complaint.); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  In other words, Plaintiff's recast complaint (ECF No. 7) is the operative complaint for this civil action.

    Despite being given specific instruction on how to orderly present factual allegations in a complaint,[2] Plaintiff's recast pleading remains circuitous, repetitive, and at times, indistinguishable as to which allegations apply to which Defendants. *See id*.  Thus, as best as the Court can discern, Plaintiff alleges that Defendants Floyd and Ivey have used excessive force against him and have retaliated against him for filing grievances and lawsuits by putting him in administrative segregation.  *Id.*  Plaintiff further claims that the Defendants have violated his Eighth Amendment rights by subjecting him to inhumane conditions including but not limited to exposure to harmful air particles, cold temperatures, lack of water, and the infestation of vermin in the cell.  *Id*.  He further complains that he is not provided outdoors exercise or cleaning supplies.  *Id*.  A review of the Court's records reveals that these allegations and/or claims are encompassed in another of Plaintiff's

---

[2] *See* ECF No. 6.

pending §1983 actions, *Clayton v. Mitchell*, Case No. 5:21-cv-00335-MTT-MSH.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of one already pending in federal court. *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000). "[A] suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *Id*. at 1551-52. Thus, Plaintiff's duplicative claims are subject to dismissal.

Because Plaintiff's claims in this action are duplicative to the claims pending in *Clayton v. Mitchell*, Case No. 5:21-cv-00335-MTT-MSH, this civil action is **DISMISSED**.

**SO ORDERED**, this 9th day of February, 2023.

> S/ Tilman E. Self, III
> TILMAN E. SELF, III., JUDGE
> UNITED STATES DISTRICT COURT